http://www.va.gov/vetapp16/Files3/1626417.txt

Citation Nr: 1626417 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 09-16 722 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUE

Entitlement to an initial rating in excess of 10 percent for right ulnar neuropathy. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

N. T. Werner, Counsel

INTRODUCTION

The Veteran served on active duty from June 1964 to May 1967 and his service included combat service in the Republic of Vietnam with the award of the Combat Infantry Badge. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico. Jurisdiction has since been transferred to the RO in Winston-Salem, North Carolina. 

In July 2012 the Board remanded the appeal for additional development. In August 2015, the Board granted the Veteran a 30 percent rating, but no more, for acromioclavicular joint and rotator cuff insertion degenerative changes of the right shoulder at all times during the pendency of the appeal, (right shoulder rotator cuff disability) denied an evaluation in excess of 30 percent for residuals of shell fragment wound of the right (major) shoulder (right shoulder SFW), and denied an initial evaluation in excess of 10 percent for right ulnar neuropathy. 

The Veteran appealed the August 2015 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a May 2016 Joint Motion for Remand (JMR) that was incorporated into an order dated later that month, the Secretary and the appellant agreed to affirm the August 2015 Board decision as to the claims for increased rating for a right shoulder rotator cuff disability and SFW as well as vacated and remanded the August 2015 Board decision to the extent that it denied an initial evaluation in excess of 10 percent for right ulnar neuropathy. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In the May 2016 date joint motion for remand, the parties determined that VA must consider whether the Veteran's service-connected right ulnar neuropathy should be rated under 38 C.F.R. § 4.124a, Diagnostic Code 8516 (paralysis of the ulnar nerve) instead of the current 38 C.F.R. § 4.124a, Diagnostic Code 8515 (paralysis of the median nerve) as well as whether he is entitled to separate ratings under both Diagnostic Code 8516 and Diagnostic Code 8515. In light of the outstanding VA treatment records, the Board must remand this matter for compliance with the Court's May 2016 order granting the parties' joint motion to remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006) (holding that the duty to ensure compliance with the Court's order extends to the terms of the agreement struck by the parties that forms the basis of the joint motion to remand); cf. McBurney v. Shinseki, 23 Vet. App. 136, 140 (2009) (Board has a duty on remand to ensure compliance with the favorable terms stated in the JMR or explain why the terms will not be fulfilled.).

Accordingly, the appeal is REMANDED to the AOJ for the following actions:

1. Associate with the claims file the Veteran's post-July 2012 treatment records for the Durham VA Medical Center. 

2. After obtaining all need authorizations from the Veteran, associate with the claims file any outstanding private treatment records.

3. Notify the Veteran that he may submit statements from himself and from other individuals who have first-hand knowledge of his current problems due to his service-connected right ulnar neuropathy. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

4. Schedule the Veteran for an examination to determine the severity of his service-connected right ulnar neuropathy. The claims folder should be made available to and reviewed by the examiner. The examiner is to identify all pathology found to be present. After a review of the record on appeal and an examination of the Veteran, the examiner should also provide VA with answers to the following questions. 

i. Does the Veteran's service connected neurological disability of the right upper extremity include separate and distinct ratable injuries to both the ulnar nerve and the median nerve?

ii. As to the right ulnar nerve, is the Veteran's adverse symptomatology best characterized as incomplete and mild, moderate and severe or complete paralysis?

iii. As to the right median nerve, is the Veteran's adverse symptomatology best characterized as incomplete and mild, moderate and severe or complete paralysis?

If the examiner cannot provide an answer to any of the above questions, the examiner is advised that he/she should explain why the requested opinion cannot be provided (i.e., because the limits of medical knowledge had been exhausted or because further information to assist in making the determination is needed such as additional records and/or diagnostic studies). If the examiner cannot provide the answer because further information to assist in making the determination is needed, all reasonable steps to obtain this missing data must be exhausted before concluding that the answer cannot be provided.

5. Then, after conducting any further development deemed warranted, adjudicate the claim. As per the May 2016 JMR, this adjudication should both consider whether the Veteran's service-connected right ulnar neuropathy should be rated under Diagnostic Code 8516 instead of Diagnostic Code 8515 as well as whether he is entitled to separate ratings under both Diagnostic Code 8516 and Diagnostic Code 8515.

6. If any benefit sought on appeal remains denied, furnish the Veteran a supplemental statement of the case (SSOC) that gives him notice of all the evidence added to the record since the March 2013 SSOC as well as notice of both Diagnostic Code 8516 and Diagnostic Code 8515. The Veteran should be given an appropriate opportunity for response before returning the appeal to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).